No. 85-196

IN THE SUPREME COURT OF THE STATE OF MONTANA

1985

STATE OF NORTH DAKOTA, ex rel,
B.J.D., an Infant,

Petitioner and Appellant,

-vs-

S. P. R.,

Respondent and Respondent.

APPEAL FROM: District Court of the Thirteenth Judicial District,
In and for the County of Yellowstone,
The Honorable William J. Speare, Judge presiding.

COUNSEL OF RECORD:

For Appellant:

Harold F. Hanser, County Attorney, Billings, Montana

For Respondent:

Gerald Neely, Billings, Montana

Submitted on Briefs: Sept. 19, 1985

Decided: December 10, 1985

Filed: DEC 10 1985

_____
Clerk

Mr. Justice John Conway Harrison delivered the Opinion of the Court.

In the action below, the State of North Dakota initiated this action to obtain a declaration of paternity (Uniform Parentage Act, § 40-6-101, MCA, et seq.) and to obtain child support (Revised Uniform Reciprocal Enforcement of Support Act (RURESA), § 40-5-101, MCA, et seq.) from respondent S.P.R., the putative father, on behalf of petitioner C.D., the natural mother of the minor child. The District Court of the Thirteenth Judicial District, Yellowstone County, sitting without a jury, the Honorable William J. Speare presiding, found that: (1) respondent was the natural father of the minor child; (2) respondent was obligated to provide child support and medical insurance for the minor child; but that (3) North Dakota's requested reimbursement from the respondent for public assistance paid to the natural mother, medical costs for the minor child and blood test costs associated with establishing paternity should be denied because North Dakota failed to present competent evidence to establish a basis for the court to order these payments. From this judgment the petitioner appeals.

The judgment of the District Court is affirmed in part and reversed in part, and this case is remanded for a new hearing consistent with this opinion.

In September, 1982, the State of North Dakota filed an initiating petition in Yellowstone County alleging that respondent was the natural father of B.J.D., who was born on December 19, 1981. The record indicates that respondent and petitioner were never married, and that B.J.D. was conceived in Billings where respondent lives. The mother subsequently moved to North Dakota where B.J.D. was born.

In June, 1983, a petition to establish paternity and provide child support was filed by the Yellowstone County Attorney's Office on behalf of the petitioner. It should be noted that medical costs for the minor child were not pleaded as damages.

Thereafter, the respondent filed a response to the petition, and the District Court ordered that blood tests be performed on the parties to help resolve the issue of paternity. The blood tests resulted in a 93.8% likelihood that respondent was the minor child's father, and during an informal hearing held in August, 1984, respondent admitted paternity. Also during this informal hearing, the District Court recommended to the parties that respondent provide child support and medical insurance for the minor child, but that no medical costs, paternity blood test costs, or public assistant payments be reimbursed to the State of North Dakota. These recommendations were not acceptable to the State of North Dakota, so the matter proceeded to bench trial on February 2, 1985.

During trial, the following facts pertinent to this appeal occurred. The Yellowstone Deputy County Attorney, Terence Swift, acting as counsel for the petitioner, called the respondent, S.P.R., as his first witness. Mr. Swift proceeded to hand the respondent a document, and asked him whether he understood the figures contained in the document. Respondent's counsel immediately objected on the grounds that the document had not been admitted into evidence, was hearsay evidence, and it lacked proper foundation. This objection was sustained by the trial court. At this point, Mr. Swift moved to introduce the document as "Petitioner's Exhibit 1 as a certificate of money reimbursements which are being requested for reimbursement by the State of North Dakota." Respondent's counsel again renewed his objection that the

document was hearsay, and again the trial court sustained the objection, over the heated protest of Mr. Swift, and did not allow the document into evidence.

The subject document presented to the District Court for admission by Mr. Swift was in fact an affidavit of Gary Kiner, a Welfare Administrator for the State of North Dakota. This affidavit set forth the monies expended by North Dakota on behalf of the minor child, B.J.D. This affidavit indicated that North Dakota had expended $180 for blood test costs and $9,471 for support and care of the minor child.

Following trial, the District Court ordered the respondent to pay $100 per month in child support and also to provide the minor child with medical insurance. In addition, the District Court specifically denied the State of North Dakota any reimbursement from the respondent for public assistance paid to the natural mother, medical costs for the minor child and blood test costs associated with establishing paternity stating that no competent evidence was presented by the petitioner at trial to establish a basis for the court to order these payments.

The petitioner presents the following issue for review by this Court:

(1) Whether the trial court erred by refusing to admit the Affidavit of the Welfare Administrator showing what funds had been expended by the State of North Dakota on behalf of the minor child.

The respondent, presents this additional issue for review:

(2) The trial court did not err in disallowing reimbursement to the State of North Dakota for medical expenses provided to the minor child because such expenses were not pleaded as damages by the petitioner.

4

First, with regard to the single issue raised by the petitioner, we hold the District Court properly refused to admit into evidence the affidavit of the Welfare Administrator showing what funds had been expended by North Dakota on behalf of the minor child. The trial judge properly concluded the affidavit was excludable as hearsay.

Initially, it must be noted that the present action was governed by the Montana Rules of Evidence. Section 40-5-124, MCA, provides that:

> In any hearing for the civil enforcement of this part (RURESA), the court is governed by the rules of evidence applicable in a civil court action in the district court.

We hold the offered affidavit was excludable as hearsay under Rule 801(c) and 802 of the M.R.Evid. Our conclusion is based upon the fact that the offered affidavit was made by a declarant who was not available for cross-examination purposes. The opportunity for an adverse party to cross-examine a declarant is the basic reason for excluding hearsay in our judicial system. In the instant case, the respondent was not given an opportunity to question the Welfare Administrator about the authenticity of the figures contained in his affidavit. Furthermore, this Court holds that the subject affidavit does not fit within any of the hearsay exceptions provided in Rule 803 of the M.R.Evid., as the petitioner suggests. Therefore, we hold the District Court properly excluded the offered affidavit as hearsay.

However, although this Court holds that the subject affidavit was properly excluded from evidence by the District Court, we also note that RURESA specifically allows a court to accept depositions of public officials to establish an obligor's duty of support. Section 40-5-121, MCA, provides:

> If the obligee is not present at the hearing and the obligor denies owing the duty of support alleged in the petition

5

> or offers evidence constituting a defense, the court, upon request of either party, may continue the hearing to permit evidence relative to the duty to be adduced by either party by deposition or by appearance in person before the court. The court may designate the judge of the initiating court as a person before whom a deposition may be taken.

Therefore, in light of this statute, this Court holds that the present case should be remanded for a new hearing to allow the petitioner the opportunity to take the deposition of a North Dakota official who is familiar with the duty of support owed by the respondent. This deposition will provide competent evidence to the trial court to establish the amount of money the petitioner claims the respondent owes to the State of North Dakota. Also, such a deposition will allow the respondent the opportunity to cross-examine the North Dakota official. However, this Court further holds that the scope of any deposition testimony taken of a North Dakota official will be limited at a new hearing to only establishing the amount of money the State of North Dakota is seeking for: (1) reimbursement of public assistance paid to the natural mother, and (2) reimbursement of blood test costs associated with establishing paternity. The reason for this limitation is explained in the discussion that follows.

Under the respondent's single issue presented for review, he submits that the trial court did not err in disallowing reimbursement to the State of North Dakota for medical expenses provided to the minor child because such expenses were not pleaded as damages by the petitioner. We agree. The petitioner's petition, which was filed in Yellowstone County District Court and served upon the respondent, did not plead any claim for reimbursement to the State of North Dakota for medical costs associated with the minor child. It is a well-settled principle in our judicial system that an item which is not pleaded cannot be obtained

6

at trial. Therefore, as indicated in the discussion above under issue number one, any evidence presented at a new hearing will be limited to only establishing the amount of money the State of North Dakota is seeking for reimbursement of public assistance paid to the natural mother and blood test costs associated with establishing paternity. The findings of fact, conclusions of law and judgment of the District Court are affirmed in all other respects and will be carried forward to a new hearing.

The final item that should be addressed by this Court is that the respondent in his brief requests that he be awarded attorney fees and costs for a frivolous appeal. We find the respondent's argument totally without merit and hereby deny his request.

The judgment of the District Court is affirmed in part and reversed in part, and this case is remanded for a new hearing consistent with this opinion.

_____
Justice

We concur:

_____
Chief Justice

_____

_____

_____
Justices